**Galina ORLOVA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 05–74696.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2010.*

Filed April 29, 2010.

Richard A. Kulics, Esq., Immigration Law Center, Birmingham, MI, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Paisner, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before; RYMER, MCKEOWN, and PAEZ, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Galina Orlova, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We grant the petition for review and remand.

The IJ found Orlova not credible based on, *inter alia,* two government reports that challenged the authenticity of Orlova's birth certificate. The government did not disclose the reports in advance of the hearing, or make the reports' authors available for cross-examination. Under these circumstances, the IJ's consideration of the reports denied Orlova a fair hearing. *See Cinapian v. Holder,* 567 F.3d 1067, 1075–77 (9th Cir.2009) (government's failure to disclose forensic reports in advance of hearing or to make reports' authors available for cross-examination, and IJ's subsequent consideration of the reports denied petitioners a fair hearing). In light of our disposition, we do not address the IJ's remaining reasons for finding Orlova not credible.

Accordingly, we remand Orlova's claims for further proceedings consistent with this disposition. *See id.; see INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.